## JOHN BRADY *vs.* JAMES BRADY.

If the price to be paid for the use of a horse and wagon is in controversy, one who has bought, sold and used similar ones may testify to his opinion of the value of such use.

In an action against the surviving partner of a firm, the plaintiff is a competent witness.

CONTRACT brought against the surviving partner of a firm of grocers in Lawrence, to recover, amongst other things, for the use of a horse, wagon and harness by his firm, for five hundred and twenty days.

At the trial in the superior court, before *Brigham*, J., the plaintiff called several witnesses who testified that they were grocers in Lawrence, and had bought and sold horses and wagons like those of the plaintiff, and had kept and used such property in their business for several years, and knew its value; but that they had never either hired or let to others such property, and did not know the price at which it was let. They were then asked, what was the value of the use of such a horse and wagon, in the business pursued by the defendant. The defendant objected that the witnesses had not qualified themselves to testify as experts; but the objection was overruled. The defendant also objected that the plaintiff was incompetent as a witness; but this objection was overruled, and he was permitted to testify, though not to declarations of the deceased partner.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. B. Ives, Jr.*, for the defendant.

*D. Saunders, Jr.*, for the plaintiff.

DEWEY, J.   1. The witnesses were competent to testify to the question propounded.   They had previously stated that they had bought and sold horses and wagons like those owned by the plaintiff, and had kept and used such property in their business for some years.

2. The competency of the plaintiff to testify as a witness, notwithstanding the death of one of the copartners for whom the services were rendered, is not further questioned by the counsel for the defendant.   By the construction we have given to the statute, the party to the original cause of action still survives, if one of the members of the firm is living.

*Exceptions overruled.*